**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**MACK LAMBERT**

**VS.**                                                    **CIVIL ACTION NO. 2:12cv74-KS-MTP**

**JOHNNIE DENMARK AND
STATE OF MISSISSIPPI**


## ORDER PARTIALLY ACCEPTING AND PARTIALLY REJECTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Mack Lambert filed pursuant to 28 U.S.C. § 2254 [1] and Respondent's Motion to Dismiss [7], pursuant to 28 U.S.C. § 2244(b). Also before the Court are the Report and Recommendation [18] of the Magistrate Judge and limited Objections [19] to the Report and Recommendation filed by Respondent herein. The Court has considered the above documents, together with the record herein and finds as follows, to-wit:

## I. FACTUAL BACKGROUND

Petitioner Mack Lambert pled guilty to sexual battery in the Circuit Court of Lamar County. On December 10, 2008, he was sentenced to a term of 20 years in the custody of the Mississippi Department of Corrections ("MDOC"), with 15 years to serve consecutively with a Jones County, Mississippi sentence he was serving at that time and the remaining 5 years to serve under post-release provisions with a 5 year supervision period.[1] Doc [7-1]. As there is no right to appeal a guilty plea under Mississippi law, Lambert did not file a direct appeal. Miss. Code Ann.

_____

[1]The Order of Conviction and Sentence was signed by the Circuit Judge on December 2, 2008. However, since the Order was not filed until December 10, 2008, the latter is the operative date.

§ 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [Mississippi] Supreme Court shall be allowed"); *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that direct appeals of guilty pleas entered after July 1, 2008, are prohibited).

He did, however, move for post-conviction relief in Lamar County Circuit Court on January 26, 2011, asserting violation of his right to speedy trial, involuntary plea, and ineffective assistance of counsel.[2]  Doc [7-2].  On August 23, 2011, the court denied Lambert's motion, finding that it lacked merit.  He did not appeal the decision.  Instead, he petitioned the Mississippi Supreme Court for an "Extraordinary Writ Seeking Collateral Relief" from his conviction.  On September 8, 2011, the Mississippi Supreme Court dismissed the petition stating that it lacked jurisdiction over the matter because Lambert had not "appealed his conviction and sentence to this court, and any request for post-conviction relief must be filed in the trial court." Order [7-5].

On March 20, 2012, Lambert filed a complaint pursuant to 42 U.S.C. § 1983 in this Court alleging that he was incarcerated for a crime he did not commit.  *Lambert v. Davis, et al.,* No. 2:12-cv-00046-KS-MTP (S.D. Miss. April 27, 2012).  Since his claim sounded in habeas and was not cognizable under § 1983, the Court dismissed the complaint without prejudice.  On May 3, 2012, Lambert filed[3] the instant Petition for Writ of Habeas Corpus [1] challenging his conviction.

---

[2]Although the motion was filed on January 26, 2011, the document reflects that Lambert signed the motion on January 19, 2011.

[3]The Petition [1] was filed in this Court on May 9, 2012.  However, under the mailbox rule, Lambert's *pro se* federal habeas petition is deemed filed on the day he delivered it to prison officials for mailing to the court.  *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998).  Lambert's Petition is signed and dated May 3, 2012.  Therefore, the Court will assume that Lambert delivered his Petition to prison official on that date.

He alleges three grounds for habeas relief: (1) ineffective assistance of counsel; (2) false indictment and false transcripts; and (3) lack of a police report.[4]  Respondents contend that the Petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  RESPONDENT'S OBJECTIONS AND ANALYSIS

It should be noted that Petitioner filed no Objections to the Magistrate Judge's Report and Recommendation, but that limited Objections to the Report and Recommendation were filed by the Respondents, Johnnie Denmark and the State of Mississippi.  The Court has considered the

---

[4]The Petitioner alleges "no police report havn't [sic] been found on me."  Doc. [1] at 8.  He states that "they have me indicted for a charge but in the records department of MDOC have a different charge on me [sic]." Doc. [1] at 7.

limited Objections to the Report and Recommendation and finds that they are well taken.

The Report and Recommendation correctly finds that Lambert's petition was untimely filed pursuant to 28 U.S.C. § 2244(b). Based on the facts admitted by the Petitioner, December 10, 2009, was the deadline for filing for *habeas* relief pursuant to § 2244(b). Petitioner did not file for post conviction relief in Lamar County until January 26, 2011, which was almost two years after his deadline for filing for federal *habeas* relief.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which applies to this case, provides that petition for federal *habeas* relief must be filed within one year from "the date on which the judgment becomes final, by the conclusion of direct review, or the expiration of the time for seeking such review." 28 U.S.C. § 2244(b)(1)(A); *Manning v Epps*, 688 F 3d 177, 182 (5th Cir. 2012). This one year period, however, is tolled during the pendency of a properly filed state post conviction petition. The one year is also equitably tolled in rare and exceptional circumstances that exist warranting the equitable tolling. The Magistrate Judge found that there was no basis for statutory tolling and the facts are clear and support that findings. Also, the Magistrate Judge found that there was no basis for equitable tolling and, indeed, Lambert does not even state a basis other than that he is unlearned in the law.

The Objection filed by the Respondents states that this is as far as the Magistrate Judge should have gone with his Report and Recommendation. The Report and Recommendation following the finding that equitable or statutory tolling were not proper goes into a discussion of "cause and actual prejudice" and "fundamental miscarriage of justice." The Objection is that this discussion was not necessary based on the applicable law. The Court finds that the Objection is well taken and that while the analysis by the Magistrate Judge is correct, it was not needed. Once the one year statute or limitations under AEDPA has run, then there is no basis for statutory or

equitable tolling and the analysis stops.

The conclusions and recommendations made in the Report and Recommendation, that the Motion to Dismiss pursuant to 2244(b) be granted is a correct recommendation under the facts of this case. Further, the recommendation that the Petition [1] be dismissed with prejudice is the proper recommendation and the Court adopts same. The Petition [1] is barred by the one year statutory of limitations under the AEDPA and this petition is dismissed with prejudice.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that the Respondents' Objections are well taken and should be sustained. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards, except that it adds the unnecessary analysis of "cause and actual prejudice" and "fundamental miscarriage of justice," which are not necessary. Accordingly, it is ordered that the recommendation made by Magistrate Judge Michael T. Parker in his Report and Recommendation be accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Petition of Mack Lambert is dismissed with prejudice. All other pending motions are denied as moot.

SO ORDERED this, the 30th  day of January, 2013.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE