IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MACK LAMBERT

VS.                                                                    CIVIL 2:12cv74-KS-MTP

JOHNNIE DENMARK AND
STATE OF MISSISSIPPI

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

This cause is before the Court on Petition of Mack Lambert, #81828, filed pursuant to 28 U.S.C. 2254 [1], Motion to Dismiss pursuant to 2244(d) [7], filed by Defendants, the Report and Recommendation of the Magistrate Judge [18] and the pleadings and record herein, and the Court considering same does hereby find as follows, to-wit:

**I.  FACTUAL BACKGROUND**

Petitioner Mack Lambert pled guilty to sexual battery in the Circuit Court of Lamar County.  On December 10, 2008, he was sentenced to a term of 20 years in the custody of the Mississippi Department of Corrections ("MDOC"), with 15 years to serve consecutively with a Jones County, Mississippi sentence he was serving at that time and the remaining 5 years to serve under post-release provisions with a 5 year supervision period.[1]  Doc [7-1].  As there is no right to appeal a guilty plea under Mississippi law, Lambert did not file a direct appeal.  Miss. Code Ann. § 99-35-101 ("[W]here the defendant enters a plea of guilty and is sentenced, then no

---

[1]The Order of Conviction and Sentence was signed by the Circuit Judge on December 2, 2008.  However, since the Order was not filed until December 10, 2008, the latter is the operative date.

1

appeal from the circuit court to the [Mississippi] Supreme Court shall be allowed"); *Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that direct appeals of guilty pleas entered after July 1, 2008, are prohibited).

He did, however, move for post-conviction relief in Lamar County Circuit Court on January 26, 2011, asserting violation of his right to speedy trial, involuntary plea, and ineffective assistance of counsel.[2] Doc [7-2]. On August 23, 2011, the court denied Lambert's motion, finding that it lacked merit. He did not appeal the decision. Instead, he petitioned the Mississippi Supreme Court for an "Extraordinary Writ Seeking Collateral Relief" from his conviction. On September 8, 2011, the Mississippi Supreme Court dismissed the petition stating that it lacked jurisdiction over the matter because Lambert had not "appealed his conviction and sentence to this court, and any request for post-conviction relief must be filed in the trial court." Order [7-5].

On March 20, 2012, Lambert filed a complaint pursuant to 42 U.S.C. § 1983 in this Court alleging that he was incarcerated for a crime he did not commit. *Lambert v. Davis, et al.,* No. 2:12-cv-00046-KS-MTP (S.D. Miss. April 27, 2012). Since his claim sounded in habeas and was not cognizable under § 1983, the Court dismissed the complaint without prejudice. On May 3, 2012, Lambert filed[3] the instant Petition for Writ of Habeas Corpus [1] challenging his

---

[2]Although the motion was filed on January 26, 2011, the document reflects that Lambert signed the motion on January 19, 2011.

[3]The Petition [1] was filed in this Court on May 9, 2012. However, under the mailbox rule, Lambert's *pro se* federal habeas petition is deemed filed on the day he delivered it to prison officials for mailing to the court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998). Lambert's Petition is signed and dated May 3, 2012. Therefore, the Court will assume that Lambert delivered his Petition to prison official on that date.

conviction. He alleges three grounds for habeas relief: (1) ineffective assistance of counsel; (2) false indictment and false transcripts; and (3) lack of a police report.[4] Respondents contend that the Petition was not timely filed and, therefore, it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Most of Lambert objections to the Magistrate's Report and Recommendation do not address the Magistrate's findings that the Petitioner did not file within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

---

[4]The Petitioner alleges "no police report havn't [sic] been found on me." Doc. [1] at 8. He states that "they have me indicted for a charge but in the records department of MDOC have a different charge on me [sic]." Doc. [1] at 7.

3

time preceding such review." 28 U.S.C. § 224(b)(1)(a); *Eggerton v Cockrell*, 334 F. 3d 43, 435, 43 (5th Cir. 2003). He goes into great detail alleging that his indictment was improper and that he has not been properly indicted and therefore, the conviction is not proper.

In addressing the equitable tolling portion of the Report and Recommendation, Petitioner states that he has demonstrated rare and exceptional circumstances in that he was actively misled by the state's attorney and the state court judge. He claims that he did not voluntarily plead guilty and quotes significant portions of the transcript. However, Lambert misses the point. He has not established that he was actively misled or that he is entitled to equitable tolling. He gives no facts and certainly lists no "rare and exceptional circumstances" warranting equitable tolling. The allegation that he was misled does not hold up as shown by the testimony.

Lambert in no way states that he was prevented from asserting his rights. The two and one half years that passed clearly show his claim is time barred.

The last portion of Petitioner's Objections address the issue of whether his case can be considered outside of the statute of limitations because of "cause and actual prejudice" or "fundamental miscarriage of justice." He has stated nothing that indicates cause, nor has he shown any facts that indicate that there was a fundamental miscarriage of justice. In fact, he plead guilty to the charge. He continues to allege that his attorney misled him, but all of this does not justify bringing this action outside of the statutory bar period. The petition is barred by the one year statute of limitations under the AEDPA and Respondent's Motion to Dismiss pursuant to § 2244(d), is hereby granted and the Petition for Writ of Habeas Corpus [1] is dismissed with prejudice.

IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Lambert's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Mack Lambert's claim is **dismissed with prejudice**.

SO ORDERED this, the 1st day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE